## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| NICHOLAS HUMPHREYS, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | CASE NO._____ |
|           *Plaintiff,* | COLLECTIVE ACTION |
| v. | |
| NESET CONSULTING SERVICE, INC., | |
|           *Defendant.* | |

## COMPLAINT

### SUMMARY

1.      Neset Consulting Service, Inc. ("NCSI") is a wellsite geology and geo-steering services company. NCSI employs technicians that it pays by the day with no overtime pay. These employees regularly work over 84 hours per week, but NCSI does not pay them overtime. Instead, NCSI simply pays them a flat amount for each day worked. Because this violates the Fair Labor Standards Act (FLSA), Nicholas Humphreys and those workers similarly situated to him are owed unpaid overtime wages and other damages.

### JURISDICTION & VENUE

2.      This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3.      Venue is proper because NCSI does business in this District, Humphreys lives in this district, and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

1

## PARTIES

4.     Humphreys worked as a "Wellsite Geologist" for NCSI. His written consent to this action is attached.

5.     Humphreys brings this action on behalf of himself and all other similarly situated oilfield technicians who were paid on NCSI's day rate system. These employees are collectively referred to herein as the "Class Members," or "Potential Class Members."

6.     NCSI violated the FLSA because it paid its oilfield technicians a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek, even though they regularly worked over 84 hours in a workweek.

7.     NCSI is a North Dakota corporation that employed Humphreys and the Class Members.

## FACTS

8.     Humphreys and the Class Members steered wells, logged mud, and took samples.

9.     In each of the past three years, NCSI's gross revenues exceeded $500,000.

10.     Over the past three years, NCSI employed dozens of individuals – including Humphreys and the Class Members – as technicians "throughout the Williston Basin, Rocky Mountain Region, and beyond."[1] These employees routinely handle or work on goods or materials – such as tools, hard hats, steel toe boots, automobiles, and cell phones – that moved in, or were produced for, interstate commerce.

11.     NCSI has, at all relevant times, paid Humphreys and the Class Members a day rate for the work they perform. NCSI maintains employment records on Humphreys and the Class

---

[1] See http://www.nesetconsulting.com/?id=13 (last visited May 6, 2015).

Members, can terminate their employment, determines their work locations and sets their compensation.

12.     As nonexempt employees, the technicians were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of forty in a workweek.

13.     NCSI, however, only paid its technicians a flat amount per day for days they worked. NCSI did not pay its technicians the additional overtime premium required by the FLSA.

14.     NCSI's technicians are non-exempt employees. While the precise job duties of the technicians may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek. Furthermore, the technicians perform similar job duties related to steering wells, logging mud, and taking samples.

15.     An employer can pay non-exempt employees on a day rate basis if the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

16.     NCSI scheduled Humphreys, and the Class Members, for 84 hours of work per week. These technicians work 12-hour "tours," which run from 6 a.m. to 6 p.m. and 6 p.m. to 6 a.m.

17.     Humphreys and the Class Members regularly worked 7 days per week.

18.     Humphreys and the Class Members regularly worked more than 84 hours in a week because they often worked beyond their scheduled tours. These additional hours were necessary when there were problems with their machines or other technicians needed help.

19.     NCSI knows their technicians work many more than 40 hours in a week.

20.     It is well established that blue collar workers – like NCSI's day-rate oilfield technicians – are not exempt from the overtime provisions of the FLSA. NCSI know its technicians are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

3

21.     Nonetheless, NCSI does not pay its technicians overtime for hours worked in excess of forty in a workweek.

22.     NCSI received several complaints from technicians about its failure to pay overtime. NCSI, however, failed to correct its payroll policy.

### COLLECTIVE ALLEGATIONS

23.     NCSI's practice of paying a day-rate with no overtime pay to non-exempt workers who work over forty hours in a workweek violates the FLSA.

24.     NCSI's practice of paying a day rate with no overtime pay affects all the technicians in a similar manner because, as explained above, the technicians perform similar, non-exempt job duties related to steering wells, logging mud, and taking samples and they regularly work over forty hours per week.

25.     They are also similar because they are regularly scheduled to work and actually work at least 12-hour tours, seven days per week, for a total of at least 84 hours per workweek. Accordingly, they are each owed overtime pay for the same reason as Humphreys and are similarly situated to Humphreys for the purposes of their overtime claims.

26.     The collective action class is, therefore, properly defined as:

**All day-rate oilfield technicians employed by NCSI since May 6, 2012.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

27.     By failing to pay Humphreys and the Class Members overtime at one-and-one-half times their regular rates, NCSI violated the FLSA's overtime provisions.

28.     NCSI owes Humphreys and the Class Members the difference between the rate actually paid and the proper overtime rate. Because NCSI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

4

29.     NCSI also owes Humphreys and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

30.     Humphreys and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

PRAYER

Wherefore, Humphreys prays for relief as follows:

1.     An order allowing this action to proceed as a representative collective action under the FLSA;

2.     Judgment awarding Humphreys and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3.     A service award for Humphreys as permitted by law;

4.     Pre- and post-judgment interest at the highest rate allowable by law; and

5.     All such other and further relief to which Humphreys and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

McCONNELL LAW OFFICE, PLLC

/s/ Nate S. McConnell

By: _____

    Nate S. McConnell
    405 S. 1st St. W.
    Missoula, MT 59801
    (406) 721-1262
    nate@mcconnell-law.com